### Elyria v. Swagger
*[Cite as 5 AOA 239]*

*Case No. 89CA004731*
*Lorain County, (9th)*
*Decided August 29, 1990*

*Michael Szekely, Chief Prosecuting Attorney, 328 Broad St., Elyria, OH 44035, for Plaintiff.*

*Brent L. English, Attorney at Law, 140 Public Square, 611 Park Bldg., Cleveland, OH 44114, for Defendant.*

CIRIGLIANO, J.

Appellant David Swagger was convicted of seven counts relating to the operation of a commercial tractor-trailer rig. We reverse in part and affirm in part.

On March 26, 1989, Swagger was driving a 1986 tractor trailer rig through Elyria, Ohio. Two flat-bed trailers, each containing a load covered with tarps, were attached to the tractor.

The tractor had Ohio license plates but the trailers had Michigan plates.

Elyria police officer William McArthur testified that he noticed that there was no current highway use tax sticker affixed to the tractor. McArthur testified that he stopped swagger because he realized that failure to display a current highway use tax sticker was a violation.

McArthur asked Swagger to present his driver's license, registration for the tractor and trailers and a bill of lading for the loads. Swagger produced all the items except the bill of lading. McArthur testified that Swagger produced an Ohio license with a Lorain address. The tractor was registered in Ohio in Swagger's name. Both trailers were registered in Michigan under Swagger's name.

McArthur issued Swagger citations for failure to display the highway use tax sticker, failure to produce a bill of lading, failure to file for Ohio license plates for the trailers and operating the trailers on foreign plates. Swagger was placed under arrest for the violations. While Swagger was being booked, the tractor-trailer rig was towed to Elyria Auto Service.

Subsequently, McArthur testified that he asked Swagger if Swagger would be willing to drive the tractor-trailer rig from Elyria Auto Service to Standyne, an industrial plant, so that the truck could be weighed. Swagger agreed. After the truck was weighed, McArthur issued an additional citation charging Swagger with operating an overweight vehicle. Following a bench trial, Swagger was convicted of the following charges:

"1. One count of operating an overweight vehicle in violation of Elyria Codified Ordinances Section 339.01;

"2. Two counts of operating a motor vehicle with foreign plates in violation of R.C. 4549.12;

"3. Two counts of failing to file for Ohio plates in violation of R.C. 4503.11;

"4. One count of failure to display a bill of lading in violation of R.C. 5577.10; and

"5. One count relating to the highway use tax in violation of R.C. 5728.02."

The trial court sentenced Swagger to ten days in jail for his failure to display the bill of lading, but the sentence was suspended on the condition of good behavior for one year. The trial court also fined Swagger $500 on the bill of lading charge, $25 each for the two counts of operating a motor vehicle with foreign plates; $100 each for failing to file for Ohio plates, $50 for failing to display the highway use tax sticker

and $1,576 for operating an overweight vehicle. Swagger assigns six errors in his appeal.

*Assignment of Error*

"I. The trial court committed reversible error by finding the appellant guilty of violating Chapter 339.01 of the Codified Ordinances of the City of Elyria, Ohio pertaining to overweight vehicle when the City's evidence failed to show (1) that the arresting officer had 'reason to believe' that the vehicle was overweight; (2) that the scale used to weigh the vehicle was properly sealed; (3) that the scale had been compared to state standards annually by a municipal, county, or state employee as required by R.C. Section 4513.33; and (4) where it relied on inadmissible hearsay about the condition of the scale on the date in question to conclude that the measurements were correct."

Swagger first contends that the police officer did not have reason to believe that Swagger's truck was overweight when the police officer stopped him. See *State v. Wells* (1983), 11 Ohio App. 3d 217. This argument must fail because Swagger failed to file a motion to suppress prior to trial. Crim. R. 12(B).

Swagger's second challenge focuses on the state's failure to prove the elements of the offense, specifically that the state failed to establish that the scales upon which the truck was weighed were sealed.

Swagger was charged under Elyria Codified Ordinance Section 339.01 which provides as follows:

"339.01 OVER SIZE OR OVERWEIGHT
VEHICLE OPERATION ON
STATE ROUTES: STATE PERMIT.

"No person shall operate or move a vehicle or combination of vehicles of a size or weight of vehicle or load exceeding the maximum specified in Ohio R.C. 5577.01 to 5577.09, inclusive, or otherwise not in conformity with Ohio R.C. 4513.01 to 4513.37, inclusive, upon any State route within the Municipality, except pursuant to special written permit issued by the Ohio Director of Transportation. Every such permit shall be carried in the vehicle or combination of vehicles to which it refers and shall be open to inspection by any police officer.

"No holder of a permit issued by the Ohio Director of Transportation shall be required to obtain any local permit or license or pay any local fee or charge for movement on any State route within the Municipality; however, it shall be unlawful to operate any such vehicle or combination of vehicles upon any roadway within the

Municipality which is not a State route, except as provided in Section 339.02. (ORC 4513.34)"

To establish a *prima facie* case that Swagger operated an overweight vehicle on a state route, the state must offer evidence that the tractor-trailer rig was weighed in accordance with R.C. 4513.33 which provides, in part, as follows:

"*** All scales used in determining the lawful weight of a vehicle and its load shall be annually compared by a municipal, county, and state sealer with the state standards or standards approved by the state and such scales shall not be sealed if they do not conform to the state standards or standards approved by the state."

"***."

The state put on evidence that the scales at Standyne, where the tractor-trailer rig was weighed, were tested for accuracy. There was no evidence that the scale had been sealed by a municipal, county or state sealer. *State v. Gribble* (1970), 24 Ohio St. 2d 85, paragraph one of the syllabus.

We sustain the first assignment of error on the grounds that the state has failed to prove each element of the offense beyond a reasonable doubt.

### Assignment of Error

"II. The trial court committed reversible error by finding the appellant guilty of violating R.C. Section 5577.10 when that section does not require a truck driver to have on his person a statement of gross vehicle weight and does not, and could not lawfully, require a truck driver to display same to a law enforcement officer."

R.C. 5577.10 reads as follows:

"5577.10 Statement of gross vehicle weight

"No person shall issue or aid in issuing any bill of lading or other document of like nature in lieu thereof, which bill or document is to accompany a shipment of goods or property, the gross weight of which, with load, exceeds three tons, with intent to defraud by misrepresenting thereon the weight of such goods or property to be so transported.

"Any driver or operator of a commercial car, trailer, or semitrailer may obtain from any person, firm, partnership, corporation, or association, including the owner, lessee, or operator of such commercial car, trailer, or semitrailer, owning and operating sealed scales in this state, a written 'statement of gross vehicle weight' showing the gross weight of the vehicle including the cargo on the vehicle, the name and address of the person issuing the statement, and the date and place where the vehicle and its cargo were weighed. The driver or operator of the commercial car, trailer, or semitrailer shall retain such statement of gross vehicle weight on his person, and any law enforcement officer of this state may request that such driver or operator exhibit it to him. If, upon examining the statement of gross vehicle weight on his person, and any law enforcement officer has reason to believe that the information contained therein is correct in every respect, he shall indorse it with his name and the date and place where it was exhibited to him. The law enforcement officer may then permit such driver or operator to proceed without weighing by a law enforcement officer of this state. No person shall willfully issue a written statement of gross vehicle weight and knowingly give any false information in such statement."

The offense set forth in this statute relates to the willful issuance of false information in a written statement of gross vehicle weight. There is no criminal liability for failure to produce a statement upon request. We sustain the second assignment of error.

### Assignments of Error

"III. The trial court committed reversible error by finding appellant guilty of operating a motor vehicle on Ohio's highways with identification marks of another state thereon without otherwise complying with Ohio's laws pertaining to registration and identification in violation of R.C. Section 4549.12 where the evidence did not show that (1) appellant was a resident of the State of Ohio; (2) he owned the trailers in question; (3) the trailers were 'motor vehicles; within the meaning of the section; and (4) appellant violated the registration and/or identification laws of the State of Ohio.

"IV. The trial court committed reversible error by finding appellant guilty of violating section 4503.11 pertaining to annual applications to register the trailers attached to the tractor that appellant was driving where the City failed to prove that David Swagger owned the trailers and where it was not demonstrated that exemptions to the registration requirements found in R.C. Section 4503.37 and 4503.38 were not applicable to David Swagger."

As more fully set forth in the fifth assignment of error, the state produced undisputed evidence that Swagger, a resident of Ohio, owned the trailers. Clearly, trailers are defined in R.C. 4501.01(B) as motor vehicles. Exemption from the registration laws are set forth in R.C. 4507.37 and R.C. 4503.38. R.C. 4503.38 provides that a trailer registered in another state may

qualify for an exemption from Ohio laws pertaining to registration and licensing and the penal statutes related thereto if the trailer is used in interchange and provided that each of the following is met:

"***

"(A) The state, district, country, or sovereignty wherein the trailer is duly registered must extend license plate reciprocity to trailers duly registered in the state of Ohio.

"(B)The power unit pulling such trailer must be operated to a carrier authorized to transport the type of cargo contained in the trailer.

"(C)The power unit pulling such trailer must be duly registered and licensed in the state of Ohio.

"(D) The driver of the power unit pulling such trailer shall have in his possession a properly completed inspection report1 or a carbon duplicate thereof; such inspection report shall be in the form required by sections 207.4 and 207.5 of the regulations for carriers promulgated by the interstate commerce commission.

"*** ."

Swagger does not qualify for the exemption. There was no direct testimony that the trailer was used in interchange nor did Swagger produce any documents other than the Michigan registrations for the trailers, the Ohio registration for his tractor and his driver's license. The state produced uncontroverted evidence that there was no inspection report as required in R.C. 4507.38. The state met its burden of proof. Accordingly, we overrule the third and fourth assignments of error.

### Assignment of Error

"V. The trial court committed reversible error by finding appellant guilty of violating R.C. Section 5728.02 pertaining to highway use taxes where the city failed to prove that David Swagger was the owner of the tractor and failed to prove that David Swagger had not timely applied for the necessary sticker showing payment of the highway use tax."

As of March 26, 1989, R.C. 5728.02 required, *inter alia,* that commercial tractor owners apply for a highway use permit and identification device and that the identification device shall be displayed. R.C. 5728.02 was revised, effective January 1, 1990.

Swagger contends that the state failed to prove that Swagger owned the tractor. Swagger argues that proof of ownership is established only through R.C. 4505.04, the Certificate of Title Act. We disagree.

Patrolman McArthur testified that Swagger showed him the registration for the tractor and that Swagger was listed as the owner. There was no highway use tax sticker displayed on the tractor. This evidence was not disputed.

R.C. 4505.04 is "irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lien holders, rights of bona fide purchasers, and instruments evidencing title and ownership." *Smith v. Nationwide hut. Ins. Co.* (1988), 37 Ohio St. 3d 150, 153. There is no mandate within R. C. 4505.04 that proof of ownership of a motor vehicle as an element of a criminal offense must be established by introduction of the certificate of title. See e.g., *State v. Rhodes* (1982), 2 Ohio St. 2d 74, syllabus.

We cannot say that the trial court erred. Accordingly, we overrule the fifth assignment of error.

### Assignment of Error

"VI. The trial court committed reversible error by failing to grant appellant's motion for a judgment of acquittal at the close of the city's case where the city failed to prove the necessary elements of each of the seven crimes with which appellant was charged."

Insofar as is consistent with our ruling in the first two assignments of error, we sustain this assignment of error in part. We overrule this assignment of error as it relates to all other assignments of error.

Based on the foregoing reasons we sustain the first and second assignments of error and overrule the third, fourth and fifth assignments of error. The sixth assignment of error is sustained insofar as is consistent with this opinion. We affirm Swagger's convictions for his violations of R.C. 5728.02, R.C. 4549.12 and R.C. 4503.11. This case is reversed and remanded for further proceedings according to law.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the county of Lorain, Elyria Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall, begin to run. App. R. 22(E).

*Judgment reversed and cause remanded.*

BAIRD, P.J., and HAYES, J., concur.

HAYES, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A) (3), Constitution.